# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| ALLEN HAMMLER, | Case No. CV 12-4700-JGB (SP) |
| Petitioner, | |
| v. | **ORDER ACCEPTING FINDINGS AND RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE** |
| M. KATE, | |
| Respondent. | |

Pursuant to 28 U.S.C. § 636, the Court has reviewed the Petition, records on file, and the Report and Recommendation of the United States Magistrate Judge. Further, the Court has engaged in a de novo review of those portions of the Report to which petitioner has objected. The Court accepts the findings and recommendation of the Magistrate Judge.

In so doing, the Court notes petitioner's Objections include a new argument, that his proposed motion under Fed. R. Civ. P. 60(b) cannot constitute a second or successive habeas petition because there has been no final resolution of his first Petition in this case. Petitioner relies on *Goodrum v. Busby*, 824 F.3d 1188, 1194 (9th Cir. 2016), and *Woods v. Carey*, 525 F.3d 886, 890 (9th Cir. 2008), which hold that a second habeas petition filed before the district court issues a decision on the

first federal habeas petition should be treated as a motion to amend the first petition, rather than as a second or successive petition. Petitioner argues this rule should be extended to a case like this, where the first petition is no longer pending before the district court, but its denial is instead still pending before the court of appeals. Petitioner supports this argument by noting *Woods*'s reliance on the analysis in *Ching v. Washington*, 298 F.3d 174 (2d Cir. 2002). In *Ching*, the Second Circuit held that a habeas petition filed while the appeal of a denial of a motion under 28 U.S.C. § 2255 was pending should be construed as a motion to amend the first § 2255 motion, rather than as second or successive. *Ching*, 298 F.3d at 177-79. But *Woods* did not state its holding would apply in cases where the denial of the original petition was pending on appeal. One year later, however, the Ninth Circuit rejected the argument petitioner makes here:

> Although this court in *Woods* quoted extensively from *Ching*, we did not address whether its holding would apply to a petition on appeal after having been denied in the first instance by the district court. Today, we decide that [the petitioner] cannot use *Woods* to amend his petition after the district court has ruled and proceedings have begun in this court . . . .

*Beaty v. Schriro*, 554 F.3d 780, 783 n.1 (9th Cir. 2009). Accordingly, that the denial of the Petition in this case remains pending before the Ninth Circuit does not prevent this Court from finding petitioner's proposed Rule 60(b) motion would be second or successive.

//

//

IT IS THEREFORE ORDERED that petitioner's Motion for Written Indication (docket no. 77) is denied as requested by petitioner. If the Ninth Circuit Court of Appeals were to issue a remand, the Court would deny petitioner's proposed Rule 60(b) motion.

DATED: March 28, 2018

HONORABLE JESUS G. BERNAL
UNITED STATES DISTRICT JUDGE